IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BLAKE SLAUGHTER, an individual and JAMES STARR, an individual,<br><br>                 Plaintiffs,<br>v.<br><br>THE BOEING COMPANY, a Delaware Corporation,<br><br>                 Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO OVERRULE DEFENDANT'S OBJECTIONS TO PLAINTIFFS' TAKING AND TRANSCRIPTION OF DEPOSITIONS OF TRACY GERTINO AND JEREMY FOX<br><br>Case No. 2:11-cv-537-DN-BCW<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

      This matter was referred to Magistrate Judge Brooke C. Wells by District Judge David Nuffer pursuant to 28 U.S.C. §636(b)(1)(A).[1] Before the Court is Plaintiffs' Motion to Strike Objections or Overrule Defendant's Objections to Plaintiffs' Taking and Transcription of Depositions of Tracy Gertino and Jeremy Fox.[2] The Court has carefully reviewed the objection, motion and memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of written memoranda and finds that oral argument would not be helpful or necessary.[3]

## BACKGROUND

      At issue are the depositions of two of Defendant's employees, Tracy Gertino and Jeremy Fox. The deposition notices for these two individuals stated, in pertinent part:

---

[1] Docket No. 32.

[2] Docket No. 31.

[3] See DUCivR 7-1(f).

> PLEASE TAKE NOTICE that Plaintiffs…will take the deposition of TRACY GERTINO [and JEREMY FOX] before a certified court reporter, notary public or some other official authorized by law to administer oaths…[.] The oral examination will be videotaped…[.] The videotaped deposition is taken for use at trial and all other purposes permitted by the Federal Rules of Civil Procedure.[4]

Plaintiffs employed Lee Richan of AVLawDepot, LLC to administer, videotape, transcribe and certify the depositions.  Mr. Richan is notary, licensed by the State of Utah.  Defendant objects to the notice and the method of taking the depositions because the notice did not clarify exactly how the deposition was to be taken.  Defendant further objects to the deposition because Defendant alleges that the Mr. Richan is not certified to prepare transcriptions in state or federal courts.  Defendant requests that the depositions be stricken and not be available for use in the proceedings.

Conversely, Plaintiffs contend that the use of videotape and notaries in Utah are proper methods for recording and transcribing depositions under the Federal Rules of Civil Procedure.  Plaintiffs also point to the use of video recording being allowed in both Utah state courts and administrative procedures.  Further, Plaintiffs are requesting attorney's fees and costs in having to file the motion to overrule Defendant's objections.

## ANALYSIS

### I. Deposition Notices

Rule 30 of the Federal Rules of Civil Procedure states, in relevant part, that "[t]he party who notices the deposition must state in the notice the method for recording the testimony.  Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means [and] any party may arrange to transcribe a deposition."[5]  Rule 30 further

---

[4] Exh. A., docket no. 30.

[5] Fed. R. Civ. P. 30(b)(3)(A).

states that "[w]ith prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice."[6] Plaintiffs have met the requirements of these provisions.  In the notice of depositions, Plaintiffs indicated that the depositions would be taken "…before a certified court reporter, notary public or some other official authorized by law to administer oaths…[.] The oral examination will be videotaped…"   The depositions were taken as noticed in the deposition notices sent to the Defendant.   Further, the rules regarding notice contemplate that if counsel for the Defendant had objections to the method of recording or were concerned that they would not be recorded to its satisfaction, Defendant could have arranged for another method of recording or transcription. Here, counsel for the Defendant did not arrange for another means of recording or transcription and the deposition notices were proper.

## II.    The Use of Videotape and a Notary Publics during Depositions.

Next, Defendant argues that Mr. Richan, a notary, who videotaped and later transcribed and certified the deposition transcript is not qualified to prepare a transcript of the deposition and therefore such transcripts should be striken and not allowed for use in these proceedings.

First, under the Federal Rules of Civil Procedure, videotaped depositions are allowed.[7] Rule 28 provides that a deposition may be taken before "an officer authorized to administer oaths either by federal law or by the law in the place of examination."[8]

Here, as stated in the notice, the depositions at issue took place in Salt Lake City, Utah. In Utah, notaries are statutorily authorized to administer oaths.[9]  Although there is statutory

---

[6] Fed. R. Civ. P. 30(b)(3)(B).

[7] See Fed. R. Civ. P. 30(b)(3)

[8] Fed. R .Civ. P. 28; see generally, Meacham v. Church, No. 2:08-cv-535, 2010 WL 1576711, at *4 (D. Utah 2010)(concluding [t]he plain language of [Rule 30] is clear:  absent a waiver, "a deposition must be conducted before an officer appointed or designated under Rule 28.")

support for notaries taking depositions, Utah case law with regard to this subject is virtually silent. However, in dicta to Wooley v. Wight, the Utah Supreme Court applying Utah law stated that "[a] deposition may be taken before an officer authorized to administer oaths. A notary public is such an officer."[10]

Moreover, it appears that neither the 10th Circuit or courts within this District have ruled on this specific issue regarding the nonstenographic video recording of a deposition which is administered and later certified by a notary. However, in looking to other states, it appears that at least both Colorado and Texas statutorily allows notaries to take depositions.[11] Further, an opinion issued by the Attorney General of Texas has explicitly found that "notaries public have authority to take written depositions in non-stenographic form."[12]

In addition, the Federal Rules of Civil Procedure provide additional safeguards for depositions that are taken non-stenographically. Under Rule 30(b)(5)(B), "[i]f the deposition is recorded non-stenographically, the officer must repeat the items in Rule 30(b)(5)(A)(i)-(iii) [the officer's name and place of business; the date, time and place of the deposition; and the deponent's name]. Further, Rule 30(5)(B) requires that "[t]he deponent's and attorney's appearance or demeanor must not be distorted through recording techniques." Here, at least from the deposition transcript excerpt provided as an exhibit to Defendant's objection, it appears

---

[9] Utah Code Ann. §46-1-6(4)(providing that "the following notarial acts may be performed by a notary within the state: (1) acknowledgements; (2) copy certifications; (3) jurats; and (4) oaths or affirmations.")

[10] Wooley v. Wight, 238 P. 1114, 1116 (Utah, 1925), *overruled on other grounds by* Olson v. District of Salt Lake County, 71 P.2d 529, 533 (Utah, 1937).

[11] See COLO. REV. STAT. ANN. § 12-55-110(1)(b),(d)("[e]very notary public is empowered to: (b) administer oaths & affirmations; (d) take depositions, affidavits, verifications, and other sown testimony or statements[.]"); TEX. GOV'T CODE ANN. §406.016(a)(4)-(5) ("a notary public has the same authority as the county clerk to (4) take depositions; (5) certify copies of documents not recordable in the public records…").

[12] Op. Tex. Atty. Gen. JM-110 (1983)

4

that Mr. Richan did comply with the requirements of Rule 30(b)(5(A)(i)-(iii).[13] Mr. Richan provided his name, place of business, time and place of deposition and the deponent's name.[14] The videotape, provided it is of good quality (which there has been no argument that it is not) ensures the accuracy contemplated by the Federal Rules.[15] Moreover, if the Defendant was truly concerned about the accuracy of the transcript of the depositions could have hired their own certified court reporter to transcribe the depositions from the videotape as contemplated by the Federal Rules of Civil Procedure. Thus, although Utah does not explicitly spell out within a statute that notaries can take depositions as in other states, the language of the statute and the Federal Rules of Civil Procedure together allow for a notary to videotape and certify a transcript.

### III.     Attorney's Fees & Costs

Rule 30(d)(3)(C) of the Federal Rules of Civil Procedure directs that "Rule 37(a)(5) applies to the award of expenses."[16] Generally, Rule 37 governs the awarding of sanctions for failure to cooperate in discovery and/or the award of expenses for protective orders. It provides in relevant part:

> [i]f the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent upon whose conducted necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. *But the court must not order this payment if:* (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing part's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.[17]

---

[13] See Exh. D, docket no. 30.

[14] Id.

[15] See  Clark v. Schaller, No. 06-C-242, 2006 WL 288296, at *1(E.D. Wis., 2006) (holding that an *in forma pauperis* Plaintiff who wished to have an individual authorized to administer oaths take the Defendant's deposition is not entitled to court assistance for the recoding of such a deposition. In so holding, the Court stated, "[a]bsent audio(visual) recording, then, [the Plaintiff] must provide a court reporter or other competent stenographer.")

[16] Fed. R. Civ. P.30(d)(3)(C).

[17] Fed. R. Civ. P. 37(a)(5)(A)(emphasis added).

Upon review of the motion and memoranda, (i) the Court concludes that the present motion was filed by Plaintiffs in response to an objection that was filed by Defendant. It does not appear that the parties attempted to "meet and confer" other than during the deposition itself when counsel for Defendant objected to the form of the depositions; (ii) Defendant's response to the Plaintiff's motion was substantially justified as it appears that this issue has not been previously decided by a Court in this district and (iii) based on the court's conclusion to the second factor, an award of expenses would be unjust. Therefore, the Court denies Plaintiffs' request for attorney's fees and expenses.

## CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED that the Plaintiff's Motion to Strike Objections, or Overrule Defendant's Objections to Plaintiffs' Taking and Transcription of Depositions of Tracy Gertino and Jeremy Fox[18] is HEREBY GRANTED. The depositions as well as the notices were proper under both the Federal and Utah Rules of Civil Procedure. Accordingly, the oral depositions of Tracy Gertino and Jeremy Fox were appropriately conducted and as such the testimonies of both witnesses will not be stricken. However, as stated above, the Court is not inclined to award attorney's fees and costs and therefore DENIES Plaintiffs' request for attorney's fees and costs.

---

[18] Docket no. 31.

DATED this 9th day of November, 2012.

_____
Brooke C. Wells
United States Magistrate Judge