IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BLAKE SLAUGHTER and JAMES STARR, <br><br> Plaintiffs, <br><br> v. <br><br> THE BOEING COMPANY, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT <br><br> Case No. 2:11-cv-537 DN <br><br> District Judge David Nuffer |

The court has already entered summary judgment in favor of Defendant The Boeing Company on all of the claims in this case except for Plaintiff James Starr's claim for religious discrimination under Title VII based on the raise denied Starr by Boeing in or about December 2009.[1] Pursuant to leave granted by the court, Boeing has filed a Renewed Motion for Summary Judgment on this remaining claim, arguing that Starr failed to exhaust his administrative remedies with respect to that claim.

A plaintiff must exhaust his administrative remedies before filing a lawsuit under Title VII.[2] The exhaustion prerequisite requires the Title VII plaintiff to file a charge of discrimination with the Equal Employment Opportunity Commission describing the facts related to the alleged discrimination.[3] "[E]ach discrete incident of alleged discrimination or retaliation constitutes its own unlawful employment practice for which administrative remedies must be exhausted."[4] Consequently, discrete discriminatory or retaliatory actions that are not specifically

---

[1] Memorandum Decision and Order on Defendant's Motions for Summary Judgment, docket no. 76, filed on Jan. 4, 2013.

[2] *Jones v. United Parcel Serv., Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007).

[3] *Id.* at 1186

[4] *Id.* (internal quotation marks omitted).

included in an EEOC charge may not be pursued as part of the plaintiff's Title VII claim in federal court.[5] EEOC charges are liberally construed within this framework.[6]

In this case, Starr's claim that he was denied a raise because he did not subscribe to the religious beliefs of his supervisor and co-workers was not included in his November 2010 EEOC charge. In the charge, Starr alleged that he was "discriminated and retaliated against due to religion . . . because he is [a] non-Mormon working [in] Cell 8, where there is [a] clique of Mormon supervisors and employees who are instructed to show hostility toward [him]."[7] Starr further stated that "[t]his resulted in [his] constructive discharge."[8] The charge also referenced the scheduled layoff in December 2009, his negatively reported absences from work, and a transfer to Cell 8.[9] However, there is no mention in Starr's EEOC charge about *being denied a raise* on the basis of his religion, which "constitutes its own unlawful employment practice for which administrative remedies must be exhausted."[10] As a result, Starr has not exhausted his administrative remedies on this remaining Title VII claim, requiring its dismissal with prejudice.

## CONCLUSION AND ORDER

IT IS THEREFORE ORDERED that Defendant's Renewed Motion for Summary Judgment (docket no. 72) is GRANTED.

IT IS FURTHER ORDERED that summary judgment is ENTERED in favor of Defendant The Boeing Company on Plaintiff Starr's remaining claim for violation of Title VII of the Civil Rights Act of 1964 (claim no. 4).

---

[5] *Id.*

[6] *Id.*

[7] Charge of Discrimination, docket no. 72-3, filed on Dec. 3, 2012.

[8] *Id.*

[9] *Id.*

[10] *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003).

IT IS FURTHER ORDERED that the clerk of the court close this case.

Signed January 4, 2013.

>BY THE COURT
>
>_____
>District Judge David Nuffer